# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **C.D., A.D., and K.D.**

**No. 16-0081** (Wayne County 14-JA-17, 14-JA-18, & 14-JA-19)

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.D., by counsel Todd R. Meadows, appeals the Circuit Court of Wayne County's June 3, 2015, order terminating his parental rights to twelve-year-old C.D., eleven-year-old A.D., and seven-year-old K.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Alison R. Gerlach, filed a response on behalf of the children also in support of the circuit court's order.[1] Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights because it considered irrelevant evidence.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed an abuse and neglect petition against petitioner and the children's mother R.N. As to petitioner, the DHHR alleged that he abused illegal drugs, was arrested for manufacturing methamphetamine, and failed to provide the children with appropriate housing. Shortly thereafter, the circuit court held an adjudicatory hearing during which petitioner

---

[1]The guardian's response to this Court failed to include a section regarding the status of the children. Such information is of the utmost importance to this Court. The guardian's response also failed to cite to the record on appeal. We refer the guardian to Rules 10(c) and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

stipulated to allegations in the petition. Petitioner admitted that he neglected his children based upon pending felony charges for manufacturing methamphetamine and "inappropriate and unstable" housing. The circuit court granted petitioner supervised visitation with his children.

In June of 2014, petitioner filed a motion for an improvement period, which the circuit court granted. The terms and conditions of the improvement period required petitioner to participate in long-term drug rehabilitation, submit to random drug screens, and attend individualized parenting classes. Subsequently, the circuit court granted petitioner an extension of his improvement period.

In March of 2015, the circuit court held a review hearing on the status of petitioner's extended improvement period, during which it heard testimony that petitioner was minimally compliant with the terms and conditions of his improvement period. By order entered April 9, 2015, the circuit court set a dispositional hearing following the completion of petitioner's extended improvement period.

On May 15, 2015, the circuit court held its first dispositional hearing during which it heard testimony from petitioner's caseworker. According to the caseworker, petitioner failed to attend long-term drug rehabilitation, substance abuse therapy classes, and individualized parenting classes. The caseworker also testified that petitioner admitted to using marijuana and tested positive for opiates on two separate occasions. However, according to the caseworker, petitioner participated in supervised visitations. Thereafter, the circuit court granted petitioner's motion to continue the dispositional hearing. During the continued dispositional hearing, petitioner testified in his defense wherein he admitted to using pain pills since 1997. Furthermore, petitioner confessed that during the underlying proceedings he purchased pain pills off the streets, used cocaine, and failed three drug tests. By order entered June 3, 2015, the circuit court found that petitioner failed to successfully complete his improvement period and terminated his parental rights. This appeal followed.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights because it considered evidence regarding his substance abuse problems for which he was not adjudicated. Specifically, petitioner alleges that he stipulated that he was a neglectful parent for failing to provide stable housing and pending felony charges, while the dispositional hearing included evidence concerning irrelevant issues such as his failure to attend drug rehabilitation and participate in services and his admitted drug use during the underlying proceedings. Upon our review, we find no error in this regard because petitioner's argument lacks merit. The record is clear that the terms of petitioner's improvement period required him to participate in long-term drug rehabilitation, submit to random drug screens, and attend individualized parenting classes, among other requirements. As such, evidence of petitioner's failures to comply with these terms was clearly relevant, the basis for the stipulated adjudication notwithstanding.

Moreover, the evidence of which petitioner complains clearly illustrates his failure to comply with the terms of his improvement period. Petitioner admitted to taking pain pills since 1997 and using cocaine and pain pills during his extended improvement period. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

In addition to his failure to comply with drug rehabilitation and parenting classes, the record is devoid of relevant evidence that petitioner established a suitable home, a condition that formed the basis of his stipulated adjudication that he neglected the children by providing them with "inappropriate and unstable" housing. In his brief on appeal to this Court, petitioner concedes that the evidence adduced during the dispositional hearings proved at best that he "may have" established stable housing. More importantly, petitioner admitted that he neglected his children due to his pending felony charges for manufacturing methamphetamine. As such, it is clear that the evidence of petitioner's illegal drug abuse was extremely relevant to establish his failure to comply with services below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 3, 2015, order is hereby affirmed.

Affirmed.

**ISSUED:  May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II